1  PATRICK H. HICKS, ESQ., Bar #4632
   BRUCE C. YOUNG, ESQ., Bar #5560
2  ETHAN D. THOMAS, ESQ., Bar #12874
   LITTLER MENDELSON, P.C.
3  3960 Howard Hughes Parkway, Suite 300
   Las Vegas, NV 89169-5937
4  Phone: 702.862.8800; Fax: 702.862.8811
   E-mail: byoung@littler.com
5  Attorneys for Defendant
   CLARK COUNTY SCHOOL DISTRICT
6
   KATHLEEN J. ENGLAND, Bar #206
7  ENGLAND LAW OFFICE
   630 South Third Street
8  Las Vegas, NV 89101
   Phone: 702.385.3300; Fax: 702.385.3823
9  E-mail: kengland@englandlawoffice.com

10 JASON R. MAIER, Bar #8557
   MAIER GUTIERREZ AYON
11 400 South Seventh Street, Suite 400
   Las Vegas, NV 89101
12 Phone: 702.629.7900; Fax: 702.629.7925
   E-mail: jrm@mgalaw.com
13
   MARGARET A. MCLETCHIE, Bar #10931
14 MCLETCHIE SHELL
   616 South Eighth Street
15 Las Vegas, NV 89101
   Phone: 702.728.5300; Fax: 702.425.8220
16 E-mail: Maggie@nvlitigation.com
   Attorneys for Plaintiff
17 BRADLEY ROBERTS

18

19                    UNITED STATES DISTRICT COURT

20                          DISTRICT OF NEVADA

21  BRADLEY ROBERTS,                    Case No. 2:15-cv-00388-JAD-PAL

22              Plaintiff,

23  vs.                                 **STIPULATED PROTECTIVE ORDER**

24  CLARK COUNTY SCHOOL DISTRICT;
    and DOES 1 through X, inclusive,
25
                Defendant.
26

27       Defendant CLARK COUNTY SCHOOL DISTRICT ("Defendant") and Plaintiff BRADLEY

28  ROBERTS ("Plaintiff"), by and through their respective counsel of record, hereby submit the

following Stipulated Protective Order regarding the confidentiality of discovery materials.

I.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-captioned action are likely to involve the production of confidential or private information for which special protection from public disclosure and use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this protective order does not confer blanket protection for all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

II.   **DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

A.   During this litigation, either party may designate as "confidential" any material produced in discovery only if that party in good faith believes that the material contains protected non-public confidential information under state or federal law. Such discovery material is referred to herein as "confidential material." The party designating the material is referred to herein as the "designating party."

B.   "Confidential material," as the term is used in this protective order, is information and documents that fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) Clark County School District Police Department Bureau of Professional Standards Investigative Reports and any other documents or files related to any investigation undertaken by the Bureau of Professional Standards; (c) Clark County School District Police Department Concern Reports; (d) medical records or information of a similar private, highly personal nature, in which an individual person has a legitimate expectation of privacy; and (e) portions of depositions (audio or video) where confidential material is disclosed or used as an exhibit. The parties reserve the right to meet and confer over additional categories that may be deemed confidential as discovery continues.

C.   The designating party will mark each page of appropriate documents as "CONFIDENTIAL." The designation will avoid obscuring or defacing any portion of the discovery material. If a party inadvertently fails to designate discovery material as confidential, but

2.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

subsequently determines that such material should have been so designated, it will promptly provide written notice to the opposing party of the confidential designation and the material will be treated as confidential from the receipt of the notice. On the other hand, if a party designates discovery material as confidential and later determines that it should not have been so designated, it will promptly provide the opposing party written notice of the removal of the designation and a duplicate copy of the discovery material without the confidential marking. All copies of confidential discovery material will also be considered confidential. The parties will have 30 days from the date that this protective order is entered by the Court to designate previously-produced material as "CONFIDENTIAL."

D.  Material designated confidential shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced confidential material shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

E.  For purposes of this stipulation, the following are qualified recipients: (a) the Court and its personnel; (b) counsel of record, in-house counsel, and staff; (c) deposition notaries and staff; (d) parties to this litigation; and the following, provided that they expressly agree to be bound by the terms of this protective order after being provided with a copy of the protective order by counsel and their duty to maintain confidentiality has been explained: (i) any expert or consultant retained in this action; (ii) witnesses and potential witnesses at, or in preparation for deposition, trial, or hearing or who otherwise require the information as directed by counsel; and (iii) outside vendors who perform copying, data entry, or similar functions. Confidential material may not be disclosed to other persons or entities without prior written consent of the designating party or court order. Such disclosure should be made only to the extent reasonably necessary for effective prosecution and defense of the claims in this action and for no other purpose.

III. **CONDITIONS OF DISCLOSURE**

A.  As set forth in paragraph II.E above, before disclosing confidential material to the persons qualified to receive it, counsel providing the confidential material will advise each such

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

person of the protective order, will provide each such person with a copy of the protective order, and will explain the duty to maintain confidentiality.

B. The parties' counsel will be responsible for their distribution and control of confidential material. They will maintain a list of all persons to whom confidential material has been disclosed and the make the disclosures required as provided in paragraphs II.E and III.A. Confidential material will be copied only by counsel or persons assisting counsel and only for purposes permitted by this order.

C. The restrictions set forth in this protective order will not apply to information that is or becomes public knowledge through its authorized release and not in violation of this protective order. Whether material that becomes public will remain confidential under this protective order will be decided based on the standards and procedures herein. If confidential material is produced by a third party, the parties in this litigation may designate the material as such by marking it confidential and providing the marked copy to the opposing party who will either (1) agree the material is confidential under the terms of this protective order or (2) inform the other party that it disagrees the material should be governed by the terms of this protective order, but nonetheless will treat the material as confidential for at least 30 days from notice of the confidentiality designation, to give the party desiring protection sufficient time to seek relief from the Court. Treatment of the material as confidential will continue until the Court resolves the issue.

D. For each designation, the party designating material as confidential will produce a log, similar to the one attached as Exhibit A, which provides a running list of that party's designations.

IV. **PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS**

A. During a deposition, either party will advise or disclose to persons present the existence of this protective order if confidential information is discussed or used as an exhibit.

B. To designate confidential material in deposition testimony, the designating party will (a) make an oral statement to that effect on the record, or (b) notify the recipient in writing at any time up to 30 days after receipt of the transcript.

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

4.

C.  If confidential material is marked as an exhibit during a deposition, or hearing, or other proceeding in this action, and its contents are disclosed in testimony at such proceeding, counsel for the parties will (a) advise the reporter that the exhibit refers to confidential material or (b) notify the reporter in writing at any time up to 30 days after receipt of the transcript. In either instance, the material will be marked confidential and be deemed as such. The reporter will not furnish copies to anyone other than the parties herein, and, if requested, the witness and his/her counsel.

## V. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

The parties acknowledge that this protective order does not entitle them to file confidential information under seal without complying with the standards articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), along with Local Rule 10-5. The parties may agree that the filing party may file documents designated confidential by the other party not under seal. If no such agreement is made before filing, then any documents to be filed with the court containing confidential material will be accompanied by a motion to seal. A motion to file a document under seal will be served on opposing counsel, and on the person or entity that has custody and control of the document, if it is different from opposing counsel. For motions that refer to confidential material, the parties will publicly file a redacted version of the filing.

## VI. CHALLENGING A CONFIDENTIAL DESIGNATION

If a party disputes the designation of discovery material as confidential, then the objecting party will notify the designating party in writing by electronic mail of such dispute. The notice will identify the material and explain the basis for the objection. The designating party will have 7 calendar days to provide a written response by electronic mail to the notice, explaining its reason(s) for designating the material as confidential. Should the objecting party dispute such reason(s), it will so notify the designating party, and the objecting party will have 21 calendar days from the date of such notice to seek relief from the Court and any motion challenging a confidential designation will be made in compliance with Local Rule 26-7. During the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material is properly designated as confidential. In the event of a dispute, the parties will continue to treat the disputed

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1  material as confidential until the dispute is resolved informally between the parties or by the court.

2  **VII.  NON-PARTY SUBPOENAS**

3  If any party receives a subpoena from any non-party to this protective order seeking production or disclosure of confidential material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than 5 business days after receiving the subpoena, to opposing counsel. The subpoenaed party will not disclose any confidential material for 7 business days, if possible without violating the subpoena, after providing notice to the other party, and in no event make disclosure before notice is given unless ordered by a court. If, within this 7 business day period, court relief is sought from the subpoena with regard to any confidential material, the subpoenaed party will wait for the Court to resolve the issue or applicable rules direct otherwise.

12  **VIII.  ADDITIONAL RIGHTS**

13  Nothing in this protective order will: (a) restrict any party with respect to its own material or discovery material that has not been designated confidential; (b) prejudice any party's rights to object to the production or disclosure of information, confidential or otherwise, it considers not subject to discovery; (c) restrict the proper scope of discovery that can be sought by any party; or (d) prejudice any party's right to seek relief from the terms of this protective order.

18  This protective order is without prejudice to the right of any party to move the Court, pursuant to Fed. R. Civ. P. 26(c) or Local Rule of Practice 26-7, for an order seeking protection of confidential material sought by or produced through discovery, which protection is different from or in addition to that provided for in this protective order, and such right is expressly reserved. Similarly, each party reserves the right to request the Court to order disclosure of materials subject to this protective order or request modification of this protective order.

24  **IX.  RETURN OF CONFIDENTIAL MATERIALS**

25  Within 60 days after this action is concluded, including any appeals, materials designated as confidential, and copies thereof, will be returned to the producing party. This provision will not apply to court filings or pleadings, briefs, or correspondence maintained by counsel during the ordinary course of business. Rather than returning confidential material, it may be destroyed, with

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169 5937
702 862 8800

6.

proper verification of the destruction from the party responsible for it.

## X. BINDING EFFECT

This protective order will remain in full force and effect at all times during which any party to this stipulated protective order, or any person having been provided with a copy of the protective order by counsel for one of the parties, retains possession, custody, or control of any confidential material.

## XI. UNAUTHORIZED DISCLOSURE OR INADVERTENT PRODUCTION

If either party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this protective order, the receiving party must immediately (a) notify the designating party in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the confidential material, (c) inform the person(s) of the terms of the protective order, and (d) advise such person(s) of the existence of the protective order and their obligation to maintain confidentiality of any unauthorized disclosure or inadvertent production pursuant to that order.

Pursuant to Federal Rule of Evidence 502(d) and (e), attorney-client, work product, or any other privilege will not be waived by disclosure connected to this litigation. As a result, the parties agree that nothing in this protective order will be deemed to limit or waive the attorney-client, work product, or any other privilege.

Dated: July 30, 2015

Respectfully submitted,

KATHLEEN J. ENGLAND
JASON R. MAIER
MAGGIE MCLETCHIE

Attorneys for Plaintiff
BRADLEY ROBERTS

Dated: July 29, 2015

Respectfully submitted,

BRUCE C. YOUNG, ESQ.
ETHAN D. THOMAS, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
CLARK COUNTY SCHOOL DISTRICT

IT IS SO ORDERED.

DATED: This 31st day of July, 2015.

_____
DISTRICT/MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

7.

*[Name of Case]*
*[Jurisdiction]*

# CONFIDENTIALITY LOG, # ___

of _____ [Insert Name of Party Designating]

Issued As of ___July 13, 2014___  [Insert Date of Issuance]

| | Date of Orig Production of Docs & Source | Bates-Stamp Numbers or Identifier[1] | Date of Protective Designation and Production | Description of Docs or Info | Basis & Authority for Confidentiality Designation |
|---|---|---|---|---|---|
| 1 | June 15, 2014, From Dr. Dre | DDD 002—004, Full Pages | July 13, 2014 | Plaintiff's Med Records | Private Medical Records from Dr. Dre |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| 11 | | | | | |

[1] If doc does not have a bate-stamp number, please otherwise uniquely identify (i.e. depo transcript, page and lines being designated, describe third party doc—"5/13/15 Smith Email to Jones Re: Trade Secret Recipe"...)

Form Last Updated: 6/15/15

**EXHIBIT  A**