PATRICK H. HICKS, ESQ., Bar #4632
BRUCE C. YOUNG, ESQ., Bar #5560
ETHAN D. THOMAS, ESQ., Bar #12874
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:        702.862.8811

Attorneys for Defendant
CLARK COUNTY SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRADLEY ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT; and DOES 1 through X, inclusive,<br><br>Defendant. | Case No. 2:15-cv-00388-JAD-PAL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TO ALLOW RULE 34 INSPECTION OF ORIGINAL CCSD DOCUMENTS** |

Defendant CLARK COUNTY SCHOOL DISTRICT, (hereinafter "CCSD" or "Defendant"), hereby opposes Plaintiff's Motion to Compel to Allow Rule 34 Inspections of Original CCSD Documents ("Plaintiff's Motion to Compel"). This Opposition is made and based upon the accompanying Memorandum of Points and Authorities, the declaration of counsel in support thereof, the exhibits attached hereto, and any oral argument that this Court may entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **FACTUAL BACKGROUND**

Plaintiff Bradley Roberts ("Plaintiff") is a transgender man who is currently employed as a police officer with CCSD. **First Amended Complaint, ¶14**. Plaintiff has worked for CCSD since 1992. *Id.*, at ¶15. He is biologically female and identified as female until late 2009, when he alleges he began transitioning to male. *Id.*, at ¶17. Plaintiff alleges that by the beginning of the

2011 school year, he was identifying himself as a male transgender person. *Id.* Since that identification, Roberts alleges he has been subject to discrimination, harassment, and retaliated against for engaging in protected activity.[1]

During the Rule 26(f) Conference(s) for this case that took place on April 14 and April 17, 2015, the parties were unable to come to a resolution on how discovery would be handled prior to the scheduled Early Neutral Evaluation Conference. **[Dkt. #17]**. Defense counsel was of the position that discovery should be conducted as customary and that the parties should enter into a typical scheduling order as envisioned under the Federal Rules of Civil Procedure and applicable Local Rules for the District Nevada. *Id.* Plaintiff's counsel, however, took the position that the parties should have some early discovery and claimed that such discovery would facilitate settlement at the ENE. **[Dkt. #18]**. Because the parties could not come to a mutual agreement on the issue, both Plaintiff and Defendant filed proposed scheduling orders with the Court. **[Dkt. #17 and #18]**. Plaintiff's proposed scheduling order called for Defendant to produce in its initial disclosures various categories of documents Plaintiff normally would have requested in subsequent requests for production of documents. **[Dkt. #18]**. A hearing on the dispute was held on April 28, 2015 and the Court ordered that the parties conduct a typical 180-day discovery period but granted Plaintiff's request that Defendant produce along with its initial disclosures any documents responsive to the categories proposed by Plaintiff. **[Dkt. #20]**. On May 1, 2015, Defendant provided its initial disclosures, which included the production of documents responsive to the various categories Plaintiff requested. **Exhibit 1, attached hereto**. Along with that production, Defendant also produced a privilege log reflecting various documents responsive to Plaintiff's requested categories which were withheld because of the attorney-client/work product privileges.[2] **Exhibit 2.**

---

[1] Plaintiff filed the instant suit on October 16, 2014 in the Eighth Judicial District Court, Clark County, Nevada and the case was subsequently removed to this Court. In his First Amended Complaint, Plaintiff asserts four causes of action: (1) Discrimination and Harassment in violation of Title VII (which are actually two separate causes of action); (2) Discrimination and Harassment in violation to Nevada's Anti-Discrimination Statute (N.R.S. 613.330 *et seq.*) (also two separate causes of action); (3) Retaliation in violation of Title VII and N.R.S. 613.340 (also two separate causes of action); and (4) Negligent Selection, Training, Supervision, and/or Retention. Plaintiff's Fourth Cause of Action for Negligent Selection, Training, Supervision, and/or Retention was dismissed by the Court on August 31, 2015. **[Doc. #49]**.

[2] Since that initial production, Defendant has supplemented its initial disclosures seven times. Some of those supplements have been to produce additional documents responsive to the categories Plaintiff drafted while

Thus far, Plaintiff has served four sets of requests for production of documents, five sets of requests for admissions, and two sets of interrogatories to Defendant. Several of Plaintiff's requests call for CCSD to allow Plaintiff to inspect original CCSD documents (all of which are the subject of the instant motion practice). The specific requests and Defendant's actual responses to each request are set forth below:

### Plaintiff's First Set of Requests for Production of Documents[3]

**REQUEST FOR PRODUCTION NO. 2:**

Please produce, for inspection and copying, all documents showing, relating to, or memorializing in any way the decision to communicate to or to apprise Officer Roberts (f/k/a Officer Netz) of the complaint, and how and when the matter would be raised with Officer Roberts and what Officer Roberts (then known as Officer Netz) would be ordered to do (including but not limited to prohibition on use of male restroom facilities at CCSD locations).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Defendant objects to the instant request in that it is compound. Defendant also objects in that the instant request is overly broad and vague and ambiguous as to the time period from which it seeks information. Defendant also objects to Plaintiff's request to inspect and copy original documents as unnecessary and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant is not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce, for inspection and copying, all documents showing exactly **when, by whom and how** CCSD made changes to each record necessary to reflect Officer Roberts' (f/k/a Officer Netz) gender change to male, including all internal records and also including, but not limited to outside parties, such as insurers or third party administrators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. Defendant objects in that the instant request is overly broad and unduly burdensome in that it seeks for Defendant to produce all documents showing exactly when, by whom and how CCSD made changes to each record necessary to reflect Plaintiff's gender change to male. Defendant also objects to this request as being vague and ambiguous with regard to the language "gender change to male," as it is unclear to Defendant how "gender change to male" is being defined by Plaintiff. Defendant also objects to Plaintiff's request to inspect and copy original documents as unnecessary and unduly burdensome. Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant is not aware of any documents

---

others included documents Defendant anticipates using in support of its defenses in this case.
[3] *See* Defendant's Responses to Plaintiff's First Set (served August 14, 2015) at **Exhibit 3 to Plaintiff's Motion to Compel**.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

3.

responsive to this request. Discovery is ongoing and Defendant reserves the right to supplement this response as additional information becomes available.

### Plaintiff's Second Set of Requests for Production of Documents[4]

**REQUEST FOR PRODUCTION NO. 31:**

Please produce, for inspection and copying, the following files and the documents they contain just as they are kept in the regular course of CCSD's business. As set forth below, copies of documents were previously produced in CCSD's mailed production dated May 1, 2015 (received on May 4, 2015) in compliance with the Court's Minute Order dated April 28, 2015 (Dkt. #20) and the Court Order dated May 6, 2015 (Dkt. #23):
a.  CCSD 000001-CCSD 000032, described as "Documents maintained by Captain York";
b.  CCSD 000033-CCSD 000131, described as "Bradley Roberts' Site File";
c.  CCSD 000132-CCSD 000146, described as "Documents maintained by Chief Ketsaa";
d.  CCSD 000147-CCSD 000329, described as "Bradley Roberts' Central Personnel File."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

<u>Objection</u>. Defendant objects in that the instant request seeks production of documents protected from disclosure by the attorney-client and/or work-product privileges. Defendant also objects in that this request assumes the documents identified above are contained in actual physical "files" that could be inspected and copied. Defendant also objects to Plaintiff's request to inspect and copy the documents just as they are kept in the regular course of CCSD business as unnecessary and unduly burdensome. Defendant also objects in that the instant documents have already been produced in this litigation and Plaintiff has not identified a reason why the production is not adequate so as to justify the request for inspection and copying. As such, it appears that the instant request is designed only to harass Defendant and unnecessarily multiply the cost of these proceedings.

### Plaintiff's Third Set of Requests for Production of Documents[5]

**REQUEST FOR PRODUCTION NO. 32:**

Two Court Orders (Dkt. #20 and Dkt. #23) required Defendant Clark County School District to produce (among other documents) the following by May 12, 2015: *"Non-privileged information in CCSD's investigative file for the investigation undertaken by CCSD when CCSD was alerted or informed that Officer Roberts had made a complaint about discrimination of any kind;"*

It does not appear that CCSD did so in that it did not produce a complete investigative file for *Officer Roberts' Charge #1*. Therefore, please produce, for inspection and copying, the originals of CCSD (most likely Tom Rodriguez's) files for its

---

[4] *See* Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents (served August 17, 2015) at **Exhibit 5 to Plaintiff's Motion to Compel**.
[5] *See* Defendant's Responses to Plaintiff's Third Set of Requests for Production of Documents (served August 19, 2015) at **Exhibit 7 to Plaintiff's Motion to Compel**.

4.

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

investigation for *Officer Roberts' Charge #1* just as they are kept in the regular course of CCSD's business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. Defendant objects in that the instant request seeks documents protected by the attorney-client and/or work-product privileges. Defendant also objects in that the instant request is argumentative and attempts to mischaracterize the accuracy and/or good faith nature of Defendant's production in response to the Court Orders in question (Dkt. #20 and Dkt. #23). Defendant also objects to Plaintiff's request to inspect and copy original documents as unnecessary, unduly burdensome, and designed only to harass Defendant. Further, the request is vague and ambiguous as to the term "Officer Roberts' Charge #1." Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant did not previously produce a file kept by Tom Rodriguez in response to the Court Orders referenced (Dkt. #20 and Dkt. #23) because Mr. Rodriguez did not maintain an "investigative file" pertaining to an investigation undertaken by CCSD into any complaint of discrimination made by Plaintiff. Nevertheless, to the extent that this request can be reasonably construed to request the production of a file maintained by Tom Rodriguez relating to Plaintiff's First Charge of Discrimination, please *see* CCSD001404-CCSD001488, attached hereto.

**REQUEST FOR PRODUCTION NO. 33:**

In the January 24, 2012 Tom Rodriguez memo, subject "Nevada Equal Rights Commission Complaint: Bradley Roberts" (CCSD000028 in the "Documents maintained by Captain York" file produced by CCSD on May 1, 2015), to James Ketsaa, Acting Chief of Police, Mr. Rodriguez asked Chief Ketsaa to provide a response and also to secure responses from Captain Anthony York and Lt. Kenneth Young for the purpose of constructing CCSD's "formal response" to the NERC on *Officer Roberts' Charge #1*. Please produce, **for inspection and copying**, all responses, statements and documents collected and/or provided to Mr. Rodriguez in response to this memo, i.e. Mr. Rodriguez's complete file about this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. Defendant objects in that the instant request seeks information protected by the attorney-client and/or work product privileges. Defendant also objects in that the instant request is vague and ambiguous as to the term "Officer Roberts' Charge #1." Further, the request appears to be duplicative of Request for Production #32 in that the final paragraph states "Mr. Rodriguez's complete file about this matter." Defendant also objects to Plaintiff's request to inspect and copy original documents as unnecessary and unduly burdensome. Subject to and without waiving the foregoing objection, Defendant responds as follows: *See* CCSD000362.

**REQUEST FOR PRODUCTION NO. 34:**

In the January 24, 2012 Tom Rodriguez memo, subject "Nevada Equal Rights Commission Complaint: Bradley Roberts" (CCSD000028 in the "Documents maintained by Captain York" file produced by CCSD on May 1, 2015), to James Ketsaa, Acting Chief of Police, Mr. Rodriguez indicates he, Mr. Rodriguez, is going to secure the "statement" of Jon Okazaki. Please produce, for inspection and copying, Mr. Okazaki's statement and all documents he (Mr. Okazaki) provided to Mr. Rodriguez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

<u>Objection</u>. Defendant objects in that the instant request seeks information protected by the attorney-client and/or work product privileges. Defendant also objects to Plaintiff's request to inspect and copy original documents as unnecessary and unduly burdensome. Subject to and without waiving the foregoing objection, Defendant responds as follows: *See* CCSD000362.

**REQUEST FOR PRODUCTION NO. 35:**

Unless produced in response to RTP No. 33 or RTP No. 34, please produce, **for inspection and copying,** all other documents and/or statements obtained from anyone else not otherwise listed to the January 24, 2012 Rodriguez-Ketsaa memo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

<u>Objection</u>. Defendant objects in that the instant request is vague and ambiguous as to the phrase "not otherwise listed to the January 24, 2012 Rodriguez-Ketsaa memo." Defendant also objects in that the request is overly broad and unduly burdensome because it is not limited to a specific topic and seeks any document and/or statements obtained from anyone else not otherwise listed on the January 24, 2012 memo. Defendant also objects to Plaintiff's request to inspect and copy original documents as unnecessary and unduly burdensome. Subject to and without waiving the foregoing objection, Defendant responds as follows: Defendant is not aware of any documents responsive to this request.

On October 19, 2015, Plaintiff's counsel sent Defense counsel an email correspondence in which she agreed to meet and confer in person at counsel for Defendant's offices regarding Plaintiff's insufficient responses to various sets of discovery requests. **Exhibit 3, attached hereto.** In that same correspondence, Plaintiff's counsel raised her belief that Defendant was causing confusion by the way it was producing documents as supplements to initial disclosures. *Id.* Accordingly, Plaintiff's counsel requested that Defense counsel disclose which of the documents in its various supplements to initial disclosures were also responsive to various requests for production of documents Plaintiff had served upon Defendant. *Id.* Plaintiff's counsel also briefly mentioned that she believed Plaintiff should be allowed to inspect the original CCSD documents requested and that Defendant's refusal to allow such inspection would lead to Plaintiff filing a motion to compel. *Id.*

On the following day, Defense counsel responded to Plaintiff's counsel by correcting many of the representations Plaintiff's counsel made regarding CCSD's document disclosures and supplements and pointing out that it was Plaintiff's counsel who drafted the categories Defendant was ordered by the Court to produce in its initial disclosures. **Exhibit 3**. Defense counsel explained

6.

that when Defendant has supplemented its initial disclosures as additional information and documentation became available, any documents responsive to those categories were identified in a supplement to Defendant's initial disclosures. *Id.* Defense counsel also attempted to explain why certain documents were responsive to certain categories in hopes that it would clarify any of Plaintiff's concerns but also reassured Plaintiff's counsel that any lingering questions regarding why certain documents were kept by certain individuals as identified in the initial disclosures could be answered during the anticipated depositions in this case. *Id.* Finally, with regard to Plaintiff's counsel's assertion that certain documents produced as supplements to the initial disclosure categories Plaintiff drafted were also responsive to certain requests for production of documents, Defense counsel indicated that he was "happy to review our supplements to determine if any of those documents are responsive to the numerous sets of requests for production served by Plaintiff."[6] *Id.*

On October 20, 2015, just hours before the scheduled meet and confer was set to begin, Plaintiff's counsel sent two emails in which she indicated she wished to meet and confer over Plaintiff's various requests to inspect original CCSD documents. **See Exhibit 1 to Plaintiff's Motion to Compel.** Defendant responded to Plaintiff's requests to inspect by indicating that CCSD maintained its properly asserted objections to Plaintiff's requests to inspect original CCSD documents. **Exhibit 4, attached hereto.** Defense counsel also noted that while Plaintiff's counsel had asserted that she believed she should be able to inspect the documents, she had "provided no reason or authority for why an inspection of documents [CCSD has] already produced is justified or even needed in this matter." *Id.* Defense counsel went on to note that the requests to inspect "appear to be nothing more than an attempt to harass Defendant (and appears to be rooted in various conspiracy theories) so we maintain such an inspection is unnecessary in the instant case."[7] *Id.*

During the personal meet and confer session on October 20, 2015, the parties briefly discussed the inspection of original documents issue. **Declaration of Ethan D. Thomas, Esq.**

---

[6] Defense counsel has since reviewed its supplements to initial disclosures and issued a supplemental response to Plaintiff's First Request for Production of Documents (October 30, 2011) which reflected additional documents which had been produced as initial disclosures which were also responsive to certain of those requests. **See Exhibit 6 attached hereto**

[7] Counsel for Plaintiff conveniently omitted all mention of Defense counsel's reasoned responses to her meet and confer emails from the Motion to Compel.

7.

(hereinafter Thomas Decl.) attached hereto as Exhibit 5. Other than counsel for Plaintiff's feigned confusion regarding Defendant's supplementation of documents responsive to the categories for initial disclosure Plaintiff drafted and requested that Defendant produce in its initial disclosures, the only reason for wanting to inspect the original files proffered by Plaintiff's counsel has been to determine if any notes kept by Plaintiff's supervisors regarding his transition are contained in his actual personnel file (which has already been produced in this case). *Id.* Knowing Defendant planned to file a motion to compel regarding Plaintiff's discovery insufficiencies which Defendant had attempted to meet and confer over for months, Plaintiff quickly filed his own motion less than 24 hours after the parties' in-person meet and confer. **[Doc. 52]**.

## II. DEFENDANT HAS COMPLIED WITH ITS RULE 34 OBLIGATIONS

Federal Rule of Civil Procedure 34(b)(2) states that in response to a request for production of documents from another party, the responding party has the following obligations:

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
>
> (C) Objections. An objection to part of a request must specify the part and permit inspection of the rest.

**Fed. R. Civ. P. 34**. Although the text of Rule 34 cited in the body of Plaintiff's Motion to Compel is actually helpful to Defendant's argument, in the interest of full disclosure to the Court, Plaintiff's Motion to Compel incorrectly cites the current version of Rule 34. **See Plaintiff's Motion to Compel at 3:1-28**. In Plaintiff's counsel's calculated rush to file the instant Motion to Compel less than a day after the personal meet and confer took place, Plaintiff appears to have actually quoted the text of Rule 34 subdivision (b) that will be effective on December 1, 2015, less than one month from the date of this filing.

While Defendant is aware that the new language cited by Plaintiff is not yet effective, it is nonetheless instructive and relevant to the instant dispute. Specifically, in the forthcoming version of Rule 34(b)(2)(B) it is abundantly clear that "[t]he responding party **may state that it will produce copies of documents or of electronically stored information instead of permitting inspection**." (emphasis added). The commentary to the 2015 Amendments goes on to indicate that:

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

8.

Rule 34(b)(2)(B) is further amended **to reflect the common practice of producing copies of documents or electronically stored information rather than simply permitting inspection.**

**Fed. R. Civ. P. 34 Commentary to Amendments (2015)** (emphasis added). For purposes of this dispute, it is worth noting that nothing about this amendment is actually inconsistent with the current version of Fed. R. Civ. P. 34. Indeed, it appears only to clarify that a party may opt to produce copies of documents rather than permit inspection as the commentary is direct in its assertion that this is already the "common practice."

Neither Rule 34 nor Rule 26 "permits blanket discovery upon bare skeletal request when confronted with an objection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978). Indeed, "[s]ome degree of need must be shown." *Id.* "It is well established that discovery has limits and that these limits grow more formidable as the showing of need decreases." *Verity v. Wells Fargo Bank, N.A.*, No. 10-20880 DHS, 2011 WL 2940668, at *4 (Bankr. D.N.J. July 19, 2011). Courts have noted that while the current version of Rule 34 does not expressly define the term produce, "a party may generally comply with Rule 34 by producing copies of documents requested in discovery." *Id.* at *2; *Martin-Parry Corp. v. C. A. Bader Co.*, 16 F.R.D. 465 (D. Conn. 1953) (Defendant's motion to require plaintiff to produce documents for inspection would be denied with respect to originals of which defendant already had copies, since request for admission of genuineness would be sufficient remedy); *Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009 WL 3614519, at *3 (N.D. Tex. Nov. 2, 2009) *amended*, No. 3-06-CV-1823-BD, 2009 WL 9047529 (N.D. Tex. Dec. 10, 2009) ("the court is aware of no authority, and plaintiff cites none, that the federal rules *require* a party to produce original documents in order to satisfy its discovery obligations. To the contrary, decisions addressing the question have found that a party may comply with Rule 34 by producing copies of documents requested in discovery"); *Richardson v. Rock City Mech. Co., LLC*, No. CV 3-09-0092, 2010 WL 711830, at *4 (M.D. Tenn. Feb. 24, 2010) (to the extent that the defendant has already produced or otherwise made documents available, it is not required to re-produce the originals).

In this District, the Court has previously noted that because the best evidence rule allows duplicates to be admitted to the same extent as originals unless a genuine question is raised as to the

9.

authenticity of the original, or in circumstances that it would be unfair to admit a duplicate in lieu of the original, a parties production of duplicates complies with its discovery obligations. *F.D.I.C. v. Red Hot Corner, LLC*, No. 2:11-CV-01283-GMN, 2013 WL 1758759, at *3-4 (D. Nev. Apr. 23, 2013).

In the instant case, Plaintiff has requested to inspect original documents even though copies of said documents have already been produced to Plaintiff. Defendant is not withholding the production of any documents responsive to the above referenced requests other than those which are protected from disclosure by the attorney-client privilege and which have been properly identified and designated on a privilege log. **Exhibits 2 and 7, attached hereto**. Accordingly, in response to each of the above referenced requests, Defendant has stated valid objections to Plaintiff's requests to inspect and indicated the reasons for each objection in compliance with Fed. R. Civ. P. 34(b)(2). Further, Defendant has properly identified the bates numbers for documents responsive to the instant requests (to the extent responsive documents existed) which have already been produced to Plaintiff. **Exhibits 3, 5, 7 to Plaintiff's Motion to Compel.** Accordingly, Defendant has fully complied with its obligations under Rule 34 by objecting when necessary and, as is common practice, opting to produce copies of responsive documents (when they exist) as opposed to allowing inspection of the originals.

Counsel for Plaintiff has presented no factual basis or argument that there is any actual need, let alone a compelling need, to inspect original documents that have already been produced by Defendant in this case. In essence, Plaintiff's motion to compel appears to be based on nothing more than a desire to barge into CCSD's premises and inconvenience its employees. For that reason, Defendant has maintained its objections to Plaintiff's requests to inspect original documents as the request appears to be designed only to harass Defendant and multiply the costs of discovery in this case. *Jackson v. Montgomery Ward & Co., Inc.*, 173 F.R.D. 524, 526 (D. Nev. 1997)("the scope of discovery under the federal rules is not boundless; the requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit"). Accordingly, Defendant maintains that it has fully complied with its Rule 34 obligations and Plaintiff's Motion to Compel should be denied.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

### III. OTHER REASONS EXIST WHICH MAKE THE REQUESTED INSPECTION OF ORIGINAL DOCUMENTS IMPROPER AND UNREASONABLE

In addition to the points articulated above, the Court should deny Plaintiff's request for inspection of original documents because some of the relevant requests call for the production of documents which are protected by the attorney-client privilege and others seek to inspect original files or documents which are only maintained in an electronic format. In Response to Request for Production No. 31, 32, 33, and 34, in addition to various other objections, Defendant properly asserted an objection that the requests called for the production of documents protected by the attorney-client privilege. ***See* Exhibits 3, 5, 7 to Plaintiff's Motion to Compel**. In conjunction with the attorney-client privilege objections, Defendant produced privilege logs which identify privileged communications that Defendant was not producing and the basis for which such documents had been withheld. **Exhibits 2 and 7, attached hereto.** Allowing inspection of the original documents "just as they are kept in the regular course of CCSD's business" would improperly allow Plaintiff to access privileged communications. Accordingly, even if the Court were inclined to allow inspection of some original documents, such inspection could only take place after Defendant reviewed the originals and withheld from inspection any documents protected from disclosure by the attorney-client or work product privileges.

Additionally, the inspection demands assume that all the documents already produced in this case are kept by CCSD in hard copy format and could be inspected in that manner. For example, Plaintiff's central personnel file (Request for Production 31) is maintained solely in an electronic format. All documents which comprise said file are scanned and all that is maintained by CCSD is the image kept in the electronic file. The file was printed and provided to Defense counsel in paper format and then produced to opposing counsel. Accordingly, inspection of those documents "as kept the normal course" of CCSD's business would be unduly burdensome and entirely unnecessary.

### IV. DEFENDANT HAS INDICATED IT IS UNAWARE OF ANY DOCUMENTS RESPONSIVE TO SEVERAL OF THE RELEVANT REQUESTS

In response to several of the requests at issue in Plaintiff's Motion to Compel, Defendant not only asserted proper objections but also responded that it was not aware of any documents which

11.

were responsive to the respective requests. Defendant's Responses to Plaintiff's Request for Production Nos. 2, 8, and 35 specifically note that Defendant is not aware of <u>any</u> documents that are responsive to those requests. Accordingly, Plaintiff has sought to compel inspection of original documents that Defendant has not identified as existing. As promised in the parties' personal meet and confer session, Defense counsel has reviewed its supplements to initial disclosures and served a supplemental response to Plaintiff's First Request for Production of Documents (October 30, 2011) which identifies additional documents which had been produced as initial disclosures which were also responsive to certain of those requests. ***See* Exhibit 6 attached hereto.** Even so, Defendant's responses to Request for Production No.'s 2, 8, and 35 remain the same – Defendant is unaware of any documents responsive to these requests. Accordingly, Plaintiff's request to compel inspection of documents responsive to these requests is not only meritless, but impossible. For this reason, Defendant respectfully requests that Plaintiff's Motion to Compel inspection of these requests be denied on that basis.

V.   **CONCLUSION**

Based upon the foregoing, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel in its entirety.

Dated: November 9, 2015

Respectfully submitted,

*/s/ Bruce C. Young*

BRUCE C. YOUNG, ESQ.
ETHAN D. THOMAS, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada 89169. On November 9, 2015, I served the within document:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL TO ALLOW RULE 34 INSPECTION OF ORIGINAL CCSD DOCUMENTS**

☒ By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Kathleen J. England, Esq.
ENGLAND LAW OFFICE
630 S. Third Street
Las Vegas, NV 89101
kengland@englandlawoffice.com

Jason R. Maier, Esq.
MAIER GUTIERREZ AYON PLLC
400 S. Seventh Street, Suite 400
Las Vegas, NV 89101
jrm@mgalaw.com

Margaret A. McLetchie, Esq.
MCLETCHIE SHELL LLC
701 East Bridger Ave., Suite 520
Las Vegas, NV 89101
maggie@nvlitigation.com

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 9, 2015, at Las Vegas, Nevada.

*/s/ Debra Perkins*
Debra Perkins

13.