UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRADLEY ROBERTS,<br><br>                              Plaintiff,<br>v.<br>CLARK COUNTY SCHOOL DISTRICT,<br><br>                              Defendant. | Case No. 2:15-cv-00388-JAD-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – Dkt. #90) |

This matter is before the Court on the Motion to Seal (Dkt. #90) filed by Defendant Clark County School District ("CCSD"). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice. The Court has considered the Motion, Plaintiff Bradley Roberts' Opposition (Dkt. #94), and CCSD's Reply (Dkt. #102).

CCSD's Motion asks the Court to seal an exhibit attached to its Opposition to Roberts' Motion for Partial Summary Judgment (Dkt. #88) and Countermotion for Partial Summary Judgment (Dkt. #89). *See* Sealed Ex. I (Dkt. #91). This exhibit consists of the CCSD Police Department Bureau of Professional Standards Investigative Report (the "Report") pertaining to Roberts's allegations of discriminatory conduct by three other CCSD police officers. CCSD produced the Report and designated it "Confidential material" pursuant to the parties' Stipulated Protective Order (Dkt. #45).

**I.    SEALING JUDICIAL RECORDS ATTACHED TO DISPOSITIVE MOTIONS**

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26

1

1  (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)).
2  Although public access to judicial records is not absolute, the Ninth Circuit has held that the
3  strong presumption of access to judicial records "applies fully to dispositive pleadings, including
4  motions for summary judgment and related attachments."  *Kamakana*, 447 F.3d at 1178–79.
5  Thus, a movant must show "compelling reasons" to seal judicial records attached to a dispositive
6  motion.  *Id*. (citing *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).  In
7  general, compelling reasons exist when court records might become a vehicle for improper
8  purposes, "such as to gratify private spite, promote public scandal, commit libel, or release trade
9  secrets."  *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 429 (9th Cir. 2011)
10 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  In addition, compelling
11 reasons exist to seal the home address and social security numbers of law enforcement officers to
12 avoid exposing the officers and their families to harm or identity theft.  *See, e.g.*, *Kamakana*, 447
13 F.3d at 1182; Fed. R. Civ. Pro. 5.2.

Because CCSD's sealing request is in relation to dispositive motions, CCSD must show "compelling reasons" to seal the Report.

**II.   DISCUSSION**

   **A.   The Parties' Positions**

The Motion (Dkt. #90) asserts that making the Report public would improperly cast the three officers in a false light and inevitably cause them unnecessary embarrassment because the Report found that Roberts's allegations of misconduct were unsubstantiated and the officers are not parties to this litigation.  The Report contains details of conversations Roberts had with the three officers about private aspects of his gender transition, including his surgeries.  *See* Sealed Ex. I (Dkt. #91).  The Report concluded that Roberts's allegations were "not sustained" against two of the officers and "unfounded" against the third officer.  *Id*. at 18.  CCSD contends that "when an allegation of impropriety by an officer is unsubstantiated, the need for public disclosure is limited—especially when the officer is a non-litigant." Reply (Dkt. #102). CCSD invites the Court to analyze the officers' names and statements contained in the Report in the same way it would personnel information, which courts in the Ninth Circuit have afforded

2

1 greater privacy interests. *Id*. at 7–8. In the alternative to sealing the entire Report, CCSD
2 requests that the Court allow the officers' names to be redacted from the public record because
3 public disclosure will result in an unnecessary public intrusion into the officers' privacy.

4 In his Opposition, Roberts argues that CCSD has failed to demonstrate compelling
5 reasons to seal the Report. Roberts contends that the Report shows CCSD's investigation was
6 "tardy and inadequate, and the manner in which it was undertaken" allowed additional retaliatory
7 harassment. Opp'n (Dkt. #94) at 4:2–4. According to Roberts, the Report "chronicles the very
8 activities which give rise to this suit, which alleges, among other things, that CCSD's handling of
9 Roberts' EEOC charge created resentment and hostility towards him by co-workers." *Id*. at
10 4:17–19. Roberts notes the Motion's assumption that the public should not have a right to access
11 internal affairs records unless the investigating agency finds wrongdoing. In contrast, Roberts
12 asserts the public has a particularly strong interest in assessing allegations of misconduct by
13 public officials, including CCSD police officers, and scrutinizing whether CCSD properly
14 handled Roberts' complaint. Additionally, Roberts argues the Court should reject CCSD's
15 conclusory assertion that the Report will cause the three officers embarrassment and improperly
16 cast them in a false light.

17 **B.   Analysis**

18 The Court finds that CCSD has not met its burden to show compelling reasons to seal the
19 Report. With regard to the officers' embarrassment or the potential for them to be cast in a false
20 light, CCSD has not articulated specific examples of potential harm. Broad, unsubstantiated
21 allegations of harm do not satisfy the less exacting "good cause" standard for a protective order,
22 much less the stringent "compelling reasons" standard to seal exhibits attached to a dispositive
23 motion. *See Foltz*, 331 F.3d at 1130. The mere fact that public availability of the Report may
24 lead to embarrassment is insufficient to justify sealing. *See Kamakana*, 447 F.3d at 1179
25 (affirming district court's decision not to seal police records that might, among other things, cast
26 officers in a false light); *see also Oliner*, 745 F.3d at 1026 (finding that embarrassment,
27 annoyance, or undue burden were not compelling reasons to seal the entire court record).
28 Additionally, the Report is not comparable to an officer's personnel file containing sensitive

personal information for which an officer's right to privacy may outweigh the public's right of access. The Report contains no home addresses, social security numbers, medical information, or disciplinary information for the officers, but the Report does identify the officers by name. Although they are not parties to this action and their identities may not have been public until now, these facts alone are not sufficient to demonstrate compelling circumstances that outweigh the public's right to know. CCSD has not shown that specific prejudice or harm will result from public disclosure of the Report that the district judge will rely upon in determining whether CCSD is entitled to summary judgment as a matter of law.

Citing *Pryor v. City of Clearlake*, 2012 WL 3276992 (N.D. Cal. Aug. 9, 2012), CCSD asserts that the officers' privacy concerns regarding an unsubstantiated allegation of misconduct somehow lessen the public's strong presumption of access. The Court disagrees. The Ninth Circuit adopted the principle of disclosure and "compelling reasons" standard for dispositive motions because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events'." *Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Here, CCSD's investigation and the subsequent Report are central to at least one of Roberts's claims. So much so that CCSD relies upon the Report to argue that "CCSD fulfilled its obligations in attempting to prevent discrimination and investigating the allegations despite Roberts' noncompliance." CCSD's Opp'n Pl.'s Mot. Partial Summ. J. (Dkt. #88) at 40:3–4 (citing the Report). Given its asserted pivotal role in CCSD's defense of this case, nothing less than "compelling reasons" would justify sealing the Report.[1]

Accordingly,

---

[1] The Court also notes that the facts of *Pryor* are distinguishable. In *Pryor*, the court sealed various police documents, including two citizen's complaints and two internal affairs reports. 2012 WL 3276992, at *2–3. Investigations of the citizen's complaints concluded that the allegations were unsubstantiated and the complaints contained the complainants' date of birth and personal contact information. The internal affairs reports were "not probative of Plaintiff's claims" and "irrelevant" to resolve the defendants' motion for summary judgment. *Pryor* is not binding on this Court, nor persuasive that the Report should remain under seal.

**IT IS ORDERED:**

1. CCSD's Motion to Seal (Dkt. #90) is DENIED.

2. The Clerk of the Court is instructed to UNSEAL Sealed Exhibit I (Dkt. #91).

Dated this 20th day of April, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE