UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Bradley Roberts,

    Plaintiff

v.

Clark County School District,

    Defendant

2:15-cv-00388-JAD-PAL

**Order Regarding Summary-Judgment Briefing and Stipulation to Stay Discovery**

**[ECF Nos. 53, 87, 127, 130]**

Plaintiff Bradley Roberts brings this discrimination lawsuit against the Clark County School District, alleging that the District prohibited him from using male restrooms after he disclosed his transgender status. In an oversized brief, Roberts moves for summary judgment on the district's liability for a period of discrimination and retaliation,[1] and seeks permission to exceed page limits.[2] The District responds and countermoves for summary judgment with its own oversized brief and request for additional pages.[3] In its response, the District moves under FRCP 56(d) to deny or delay consideration of Roberts's summary-judgment motion because material discovery is still ongoing.[4] The parties have recently submitted a stipulation to stay certain discovery pending a resolution of the summary-judgment motions.[5] And, just yesterday, Roberts filed a motion for leave to supplement the briefing on the cross-motions to address new, potentially persuasive transgender-discrimination

---

[1] ECF No. 54.

[2] ECF No. 53.

[3] ECF No. 87, 89.

[4] ECF No. 89 at 23–24.

[5] ECF No. 127.

jurisprudence.[6] I issue this order under my inherent power to control the docket[7] and to streamline this summary-judgment briefing and help bring these issues to the point where they can be properly adjudicated.

## A. Requests to Enlarge Page Limits

Recognizing the complex nature of the issues raised by the cross-motions for summary judgment, I find good cause to grant both parties' requests for extra pages. Accordingly, I grant Roberts's Motion to Exceed the 30-Page Limit [ECF No. 53] and the District's motion to do the same [ECF No. 87].

## B. Discovery and Summary Judgment

Discovery in this case is ongoing. The discovery cutoff date is June 6, 2016. The parties have raised various issues about the impact of discovery on these pending cross-motions and the impact of these pending cross-motions on discovery.

First, the District asks me to deny Roberts's motion for summary judgment or delay ruling on it until after discovery has closed.[8] Rule 56(d) of the Federal Rules of Civil Procedure permits me to defer consideration of a motion for summary judgment or deny it, allow time to obtain discovery, or issue any other appropriate order, if a nonmovant shows by affidavit that it cannot present facts essential to justify its opposition.[9] I find that the District has satisfied Rule 56(d)'s requirements. Although significant discovery has transpired and continues to transpire, the record is still evolving and contains disputed issues of fact.[10] Under these circumstances, the decision to grant the District's Rule 56(d) motion and delay consideration of the motions until discovery is completed is judicially economical. I thus grant the District's Rule 56(d) request in part; I will defer consideration of the

---

[6] ECF No. 130.

[7] *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

[8] ECF No. 89 at 23–24.

[9] FED. R. CIV. P. 56(d).

[10] Indeed, the parties' proposed stipulation to stay discovery states that even if the court grants a stay, they will still proceed with limited discovery. ECF No. 127 at 3.

cross-motions summary judgment until after discovery has closed and the parties have had an opportunity to brief for me the impact of that discovery on the pending issues.

This brings me to the proposed stipulation to stay discovery [ECF No. 127].  Because I cannot now say with certainty which issues in this complicated web of motions will be impacted by remaining discovery, I do not find good cause to stay any discovery.  I therefore reject the parties' stipulation [ECF No. 127] and advise the parties to complete any discovery they believe they need to conduct before the June 6, 2016, cutoff date.

**C.     Supplemental Briefing**

Finally, I consider the most economical way to ensure that all parties have full opportunities to brief the court on the issues.  Discovery will reveal additional information that the court should be apprised of before thoughtfully considering the cross-motions.  And Roberts advises in his motion for leave to file supplemental briefing that new, persuasive authority exists.[11]  He asks to be permitted to file four pages to address this new authority.[12]

I grant that request—with modification.  After discovery closes, I will allow both parties to file supplemental briefs (to be titled "Plaintiff's Supplemental Brief in Support of Summary Judgment" and "Defendant's Supplemental Brief in Support of Summary Judgment") of up to 10 pages each that address any new facts, evidence, developments, arguments, authority, or anything else that the parties believe are appropriate for the court to consider in conjunction with the issues raised in the cross-motions for summary judgment.  These supplemental briefs will be due by June 30, 2016.  The parties will then have 10 days to file a response to the other's supplemental brief that may not exceed 10 pages.  **No additional briefing will be permitted, and the court will not entertain stipulations or motions to enlarge time or these page limits.**

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the parties' **motions for leave to file excess pages (ECF Nos. 53, 87) are GRANTED**;

---

[11] ECF No. 130.

[12] *Id*.

IT IS FURTHER ORDERED that the parties' **stipulation to stay discovery (ECF No. 127) is DENIED**;

IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplemental briefing **(ECF No. 130) is GRANTED in part.** Roberts and the District each has until June 30, 2016, to file a supplemental brief of no more than 10 pages that addresses any and all new facts, evidence, developments, arguments, authority, or anything else that the parties believe are appropriate for the court to consider in conjunction with the issues raised in the cross-motions for summary judgment. The parties will then have 10 days to file a response to the other's supplemental brief; these response briefs may not exceed 10 pages. **No additional summary-judgment briefing will be permitted, and the court will not entertain stipulations or motions to enlarge time or these page limits.**

Dated this 17th day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge