UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bradley Roberts,<br><br>    Plaintiff<br><br>v.<br><br>Clark County School District,<br><br>    Defendant | 2:15-cv-00388-JAD-PAL<br><br>**Order Denying Defendant's Motion for Reconsideration**<br><br>[ECF No. 151] |

I previously granted partial summary judgment in favor of plaintiff Bradley Roberts on his gender-discrimination claim against defendant Clark County School District (CCSD). In that order, I also rejected CCSD's argument that Roberts's discrimination claims are time barred under the applicable statutes of limitations for two independent reasons: (1) the limitations period appears to be tolled by a Nevada statute, and (2) in any event, the circumstances warrant equitable tolling. CCSD believes I was wrong on both fronts, and it now asks me to reconsider my ruling.[1] CCSD's motion for reconsideration rehashes the same arguments it made to me before. I reject them for the same reasons, but I also provide some additional explanation to the parties.

As to statutory tolling, CCSD first notes that NRS 613.430 requires discrimination claims to be filed in court within 180 days of the discrimination, and this period is tolled only while a claim is *pending* before NERC. CCSD concludes that because NERC discharged Roberts's first discrimination charge on October 11, 2012 (leaving it no longer "pending"), the limitations-period clock restarted and the deadline for Roberts to file this case expired shortly thereafter (a deadline Roberts clearly missed when he filed this case in October 2014).

But CCSD fails to fully address the impact of Roberts's second discrimination charge, which

---

[1] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-1. And I find that no reply is necessary.

he filed in the end of October 2012—weeks after NERC had closed his first charge.[2]  CCSD admits the statute of limitations period was tolled until October 11, 2012, when NERC closed Robert's first charge.[3]  The limitations period might have restarted at that point—as CCSD suggests—if it were not for the fact that Roberts filed a second discrimination charge later in October 2012, which *triggered the tolling statute once again.*  This is precisely what I held in my prior order.[4]

CCSD's arguments for reconsideration implicitly suggest that a discrimination victim only gets one bite at the tolling statute: once he has been through NERC, he cannot use the tolling statute again for that claim by filing an additional charge.  But CCSD cites no authority indicating that NRS 613.430 works that way.  The statute's text says that as long as a charge is pending before NERC, the limitations period is tolled.  Nothing in the statute or the authorities cited by CCSD suggests that a discrimination victim cannot re-toll the limitations period by filing another charge (in effect, asking NERC to reconsider its decision).  NERC never withdrew Roberts's second discrimination claim, apparently it remained pending before both the EEOC and the NERC until shortly before Roberts filed this suit.[5]  This still-pending second discrimination charge tolled the statute of

---

[2] NERC closed Roberts's first charge on October 11, 2012.  ECF No. 56-18.  Roberts's second charge was received on October 30, 2012.  ECF No. 56-20.  It appears that Roberts initially filed paperwork related to his second charge with the EEOC earlier than that, but there is no evidence that NERC was informed of the charge prior.  And the EEOC's documentation shows that it officially received the second charge on October 30, 2012—making it impossible for the NERC to have ruled on its merits when it has dismissed the first charge two weeks earlier.

[3] ECF No. 151 at 4 (stating that "the 180-day statute of limitations was tolled from that date until October 11, 2012").

[4] *See* ECF No. 147 ("Roberts filed a second charge that was still pending with the agencies leading up to the EEOC issuing its right-to-sue letter.").

[5] Notably, Roberts's second charge was filed with the EEOC, not directly with NERC.  But the charge itself lists both the EEOC and NERC as the charging agencies.  *See* ECF No. 56-20.  Indeed, the face the EEOC's charge form allowed Roberts to select NERC as an additional agency for the charge to be filed with (which he did).  And NERC and the EEOC instruct discrimination victims that a charge filed with either agency is effective as to both of them.  The Ninth Circuit recently explained this process.  *See Romans v. Incline Vill. Gen. Improvement Dist.*, No. 14-16590, 2016 WL 3997269, at *1 (9th Cir. July 26, 2016) (discussing "NERC's stated policy that '[a]ll employment cases with federal jurisdiction are dual-filed with NERC and with the federal [EEOC],' and its directive that aggrieved employees 'DO NOT need to file a separate complaint with" both

limitations until Roberts filed this case.

But even if Roberts's second discrimination charge did not trigger the tolling statute, the confusing history of the treatment of his charge makes this a prime case for equitable tolling. I may equitably toll the limitations period for a discrimination claim when the plaintiff diligently pursued his claims with the administrative agency, prejudice to the defendant is slight, and justice favors tolling.[6] I also consider whether the plaintiff reasonably relied on the agency's statements and actions.[7]

Nevada courts have made clear that discrimination victims' cases should not generally be thrown out because of minor procedural mistakes, and if Roberts did make a mistake here, it was a minor one. Roberts filed two discrimination charges, and NERC only withdrew one. There was no way for Roberts to know that NERC intended to withdraw his second charge (or that it believed his first charge somehow applied to his second charge). Neither the EEOC nor NERC ever informed Roberts that his second charge was not pending with the agencies (and thus tolling the limitations period). Much the opposite: the EEOC continued to investigate his claim. From Roberts's perspective, his second charge had spurred the agencies to investigate—if anything, it was reasonable for him to believe he was *foreclosed* from filing this case until the investigation was completed. This is particularly true given that, as I explained above, NERC and the EEOC's materials expressed to Roberts that the agencies work together to process discrimination claims. It was perfectly plausible for Roberts to rely on the fact that the EEOC was investigating his charge as evidence that his case was still pending before the agencies.

And CCSD still fails to articulate any significant prejudice it will suffer if I were to toll the period. It suggests that it was prejudiced because it took some action in response to Roberts's first charge—but that is not the sort of prejudice that equitable tolling is concerned with. What matters is

---

agencies.").

[6] *City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Relations Bd.,* 261 P.3d 1071, 1077 (Nev. 2011); *see also Copeland v. Desert Inn Hotel,* 673 P.2d 490, 491 (Nev. 1983).

[7] *City of N. Las Vegas,* 261 P.3d at 1077.

whether the "defendant, *by reason of a plaintiff's delay*, is or will be worse off than he would have been if the plaintiff had enforced his rights in a timely fashion."[8]  CCSD changed its policy after Roberts filed his administrative charge, but that does not explain how CCSD was made worse off by Roberts waiting (while the EEOC investigated his claims) to bring this lawsuit.[9]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **CCSD's Motion for Reconsideration [ECF No. 151] is DENIED.**

Dated this 28th day of November, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *Romans*, 2016 WL 3997269, at *2.

[9] CCSD also suggests that I invoked the continuing-violations doctrine in my prior order, citing to a footnote in my prior order.  But my ruling was an ordinary reading of Nevada's tolling statute, and the fact that "Roberts filed a second charge that was still pending with the agencies leading up to the EEOC issuing its right-to-sue letter."  ECF No. 147.  My footnote reference simply acknowledged an *alternative* theory that might apply.